IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CURTIS BRINSON | : | CIVIL ACTION |
| v. | : | |
| CITY OF PHILADELPHIA, et al. | : | NO. 11-7479 |

MEMORANDUM

DUBOIS, J.                                                FEBRUARY 27, 2012

Curtis Brinson brought this pro se civil rights action, pursuant to 42 U.S.C. § 1983 and § 1985, against the City of Philadelphia; the Philadelphia District Attorney's Office; and Jack McMahon, the Assistant District Attorney who prosecuted him in a 1986 murder trial. For the following reasons, the Court will dismiss the Complaint pursuant to 28 U.S.C. § 1915(e)(2).

I.   **FACTS**

Brinson was convicted in 1986 of first-degree murder and related charges in the Philadelphia Court of Common Pleas. He alleges that, during jury selection, McMahon used 13 of his 14 peremptory strikes to strike potential African American jurors in violation of Batson v. Kentucky, 476 U.S. 79 (1986).[1] According to Brinson, the District Attorney's Office, and McMahon in particular, routinely struck potential African American jurors in criminal cases based on their race. He points to a 1987 videotape depicting McMahon giving a training session on jury selection, in which McMahon instructed prosecutors to strike

---

[1] Batson issued two days after jury selection took place in Brinson's case.

1

certain types of African American jurors and described what he believed to be the ideal racial composition of a jury.[2]

Brinson raised the Batson violation on direct appeal and during post-conviction proceedings, without success. Thereafter, he sought habeas relief in federal court. The District Court rejected Brinson's Batson claim, but the Third Circuit reversed, holding that Brinson had established a prima facie Batson violation and that further factual development was required to determine whether he was entitled to habeas relief. Brinson v. Vaughn, 398 F.3d 225, 226 (3d Cir. 2005).

On remand, the Commonwealth withdrew its opposition to Brinson's petition and requested 120 days to prepare for retrial or enter plea negotiations. When the Commonwealth did not retry Brinson within 120 days, the District Court entered an order making Brinson's right to the writ absolute. The Third Circuit reversed, concluding that the District Court erred in charging to the Commonwealth continuances that were requested or joined by defense counsel. Brinson v. Vaughn, 339 F. App'x 171, 171 (3d Cir. 2009). In the meantime, the Commonwealth retried and convicted Brinson.

Brinson filed this lawsuit in December 2011, claiming a violation of his rights to due process, equal protection, an impartial jury, and a fair trial based on McMahon's violation of

---

[2]That tape, which was released in 1997 after McMahon won the Republican nomination for District Attorney, has been the cause of much litigation. For a discussion of the tape's contents, see Wilson v. Beard, 426 F.3d 653, 656-58 (3d Cir. 2005).

2

Batson. He contends that the videotape establishes that the City/District Attorney's Office maintained an unconstitutional policy concerning jury selection in criminal cases, and claims that the City/District Attorney's Office and McMahon conspired to cover up the tape. He also appears to assert a claim based on the position that the defendants took during his criminal and collateral proceedings until agreeing to habeas relief. He requests $15 million in compensatory damages and $45 million in punitive damages.

## II.  STANDARD OF REVIEW

The Court grants Brinson leave to proceed in forma pauperis because he has satisfied the requirements set out in 28 U.S.C. § 1915. Accordingly, 28 U.S.C. § 1915(e)(2)(B) applies. That provision requires the Court to dismiss the Complaint if it is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune. If an affirmative defense is obvious from the face of the Complaint, and if no development of the record is necessary, the Court may dismiss any facially invalid claims sua sponte. See Ray v. Kertes, 285 F.3d 287, 297 (3d Cir. 2002); see also Fogle v. Pierson, 435 F.3d 1252, 1258 (10th Cir. 2006).

## III. DISCUSSION

### A.  Claims Against McMahon

Brinson's claims against McMahon are barred by the doctrine of absolute immunity. A prosecutor is absolutely immune from liability stemming from acts taken "within the scope of his

duties in initiating and pursuing a criminal prosecution." Imbler v. Pachtman, 424 U.S. 409, 410 (1976); see also Donahue v. Gavin, 280 F.3d 371, 377 n.15 (3d Cir. 2002) ("[A] prosecutor is absolutely immune [from a § 1983 suit seeking damages] when acting as an advocate in judicial proceedings."). Brinson seeks damages from McMahon because McMahon violated Batson in the course of prosecuting him, resulting in a constitutionally infirm conviction. He also appears to seek damages based on positions that McMahon took in the course of litigation, whether on his own or after conspiring with the City/District Attorney's Office.³ As that conduct in was "intimately associated with the judicial phase of the criminal process," Yarris v. Cnty. of Delaware, 465 F.3d 129, 135 (3d Cir. 2006) (quotations omitted), McMahon is absolutely immune from liability under § 1983. See Esteves v. Brock, 106 F.3d 674, 677 (5th Cir. 1997) ("Because [the prosecutor's] use of peremptory strikes in a racially discriminatory manner was part of her presentation of the state's case, she is entitled to absolute immunity from personal liability.").

To the extent Brinson's Complaint can be read to assert claims against McMahon that are not covered by absolute immunity,

---

³As McMahon was an employee of the City/District Attorney's Office acting in his capacity of employment, he could not have "conspired" with his employer for purposes of § 1985(3) in the context of this case. Cf. Robinson v. Canterbury Village, Inc., 848 F.2d 424, 431 (3d Cir. 1988) (affirming dismissal of § 1985(3) claim predicated on alleged conspiracy between corporation and president of corporation while he was acting in his corporate capacity).

4

see Yarris, 465 F.3d at 137 ("After a conviction is obtained, the challenged action must be shown by the prosecutor to be part of the prosecutor's continuing personal involvement as the state's advocate in adversarial post-conviction proceedings to be encompassed within that prosecutor's absolute immunity from suit."), those claims are barred by the applicable statute of limitations, as discussed further below.

### B. Claims Against the Philadelphia District Attorney's Office

The Philadelphia District Attorney's Office is not an appropriate defendant in this case. Local prosecutorial offices are not legal entities separate from the local governments of which they are a part and, accordingly, may not be sued under § 1983. See Reitz v. Cnty. of Bucks, 125 F.3d 139, 148 (3d Cir. 1997); see also 53 Pa. Cons. Stat. Ann. § 16257. Accordingly, this Court will dismiss Brinson's claims against the Philadelphia District Attorney's Office.

### C. Claims Against the City of Philadelphia

Brinson's only remaining claims are those against the City. To state a § 1983 claim against the City, Brinson must allege that the constitutional violations of which he complains stemmed from a municipal policy, practice, or custom. See Monell v. Dep't of Soc. Servs. of N.Y., 436 U.S. 658, 694 (1978). The Complaint satisfies that standard, at least with respect to its allegation that the City maintained a policy and/or practice of unconstitutionally striking potential African American jurors in criminal proceedings per the 1987 videotape. However, this Court

will dismiss Brinson's claims against the City because they are barred by applicable statute of limitations.

For § 1983 and § 1985 actions originating in Pennsylvania, federal courts apply Pennsylvania's statute of limitations for personal injury claims, which is two years. <u>Lake v. Arnold</u>, 232 F.3d 360, 368 (3d Cir. 2000); <u>see also</u> 42 Pa. Cons. Stat. § 5524. A § 1983 claim seeking damages for a constitutionally infirm conviction does not accrue until the conviction is set aside.[4] See <u>Heck v. Humphrey</u>, 512 U.S. 477, 489-90 (1994) ("[A] § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated.") (footnote omitted); <u>see also</u> <u>Wallace v. Kato</u>, 549 U.S. 384, 393 (2007) (noting that <u>Heck</u> "delays what would otherwise be the accrual date of a tort action until the setting aside <u>of an extant conviction</u> which success in that tort action would impugn").

Based on the Complaint and the documents attached thereto, it is evident that the Commonwealth conceded that Brinson was entitled to a conditional writ of habeas corpus in a March 5, 2007 letter to the District Court presiding over Brinson's habeas

---

[4]The Complaint suggests that Brinson's second conviction is also unconstitutional, but adds that the retrial "has no bearing on this action." (Compl. 12, ¶ 14.) Thus, the Court understands Brinson's claims to be limited to the alleged constitutional violations that occurred in connection with his first conviction. Regardless, any challenges to the constitutionality of his second conviction are barred unless and until that conviction is reversed, expunged, declared invalid, or called into question by a federal court's issuance of a writ of habeas corpus. See <u>Heck v. Humphrey</u>, 512 U.S. 477, 486-87 (1994)

case. The next day, the District Court issued an order in light of that letter granting Brinson a conditional writ of habeas corpus. At that point, Brinson succeeded in acquiring habeas relief such that his 1986 conviction was no longer valid. Indeed, the Complaint acknowledges as much. (See, e.g., Compl. 15, ¶ 19 ("The March 5, 2007 letter . . . not contesting the granting of habeas relief . . . satisfies the requirements of [Heck].").) Thus, Brinson's claims accrued in March 2007. As he did not file his Complaint until December 2011, long after the two-year statute of limitations expired, his claims are time-barred.[5] Furthermore, there is no basis for tolling because it is clear that, even after he received conditional habeas relief, Brinson vigorously litigated his habeas case, such that he would have been equally capable of pursuing a § 1983 action. Accordingly, the Court will dismiss Brinson's claims against the City. Furthermore, the statute of limitations provides an additional basis for dismissing Brinson's claims against McMahon and the Philadelphia District Attorney's Office, which are based on the same factual predicate as his claims against the City.

IV. CONCLUSION

For the foregoing reasons, the Court will dismiss Brinson's

---

[5] That there were ongoing proceedings concerning whether Brinson was entitled to an absolute writ of habeas corpus versus a conditional writ does not change the fact that his 1986 conviction was "called into question by a federal court's issuance of a writ of habeas corpus" in March 2007. Heck, 512 U.S. at 487.

complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).[6]  The Court will not provide Brinson leave to amend because amendment would be futile.  See Grayson v. Mayview State Hosp., 293 F.3d 103, 113-14 (3d Cir. 2002).  An appropriate order follows.

---

[6]As the Court has concluded that there is no merit to Brinson's claims, he is not entitled to counsel. See Tabron v. Grace, 6 F.3d 147, 155-56 (3d Cir. 1993).  Accordingly, the request for counsel that is contained in his Complaint is denied. Likewise, his request for service of the Complaint is denied.