## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CURTIS BRINSON** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **CITY OF PHILADELPHIA, et al.** | : | **NO. 11-7479** |

### MEMORANDUM

**DUBOIS, J.**                                                                                    **MARCH 21, 2012**

Currently before the Court is plaintiff Curtis Brinson's Motion for Reconsideration of the Court's dismissal of his Complaint.[1]  For the following reasons, the Court will deny the motion.

### I.    BACKGROUND

As discussed in more detail in the Court's February 27, 2012 Memorandum, Brinson's Complaint asserts claims pursuant to 42 U.S.C. § 1983 against former prosecutor Jack McMahon for violating Brinson's constitutional rights by striking potential African American jurors based on their race in the course of Brinson's 1986 trial.  Brinson also sued the Philadelphia District Attorney's Office and the City of Philadelphia for maintaining a policy or practice of unconstitutionally striking potential African American jurors in criminal trials.  In a February 27, 2012 Order, the Court dismissed the Complaint pursuant to 28 U.S.C. § 1915(e)(2) because

---

[1]Brinson's motion is titled "Motion to Amend, Alter and/or Vacate."  As the motion seeks to "relitigate the original issue[s] decided by [the Court]," United States v. Fiorelli, 337 F.3d 282, 288 (3d Cir. 2003) (quotations omitted), it is best construed as a motion for reconsideration pursuant to Federal Rule of Civil Procedure 59(e) rather than a motion to vacate the Court's judgment pursuant to Federal Rule of Civil Procedure 60(b) or a motion to amend.  See id. at 287-88 ("[T]he function of the motion, and not the caption, dictates which Rule is applicable.").

McMahon is entitled to absolutely immunity from suit and because Brinson's claims are time-barred. Brinson seeks reconsideration of those rulings.[2]

## II.   STANDARD OF REVIEW

A party seeking reconsideration must establish "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available [at the time of the Court's prior ruling]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999). In other words, "a motion for reconsideration addresses only factual and legal matters that the Court may have overlooked." Glendon Energy Co. v. Borough of Glendon,836 F. Supp. 1109, 1122 (E.D. Pa. 1993) (quotations and alterations omitted). "It is improper on a motion for reconsideration to ask the Court to rethink what it had already thought through — rightly or wrongly." Id. (quotations and alterations omitted).

## III.   DISCUSSION

Brinson first contends that McMahon is not entitled to absolute immunity because McMahon exceeded his authority when he committed the unconstitutional acts alleged in the Complaint. For policy reasons, the doctrine of prosecutorial immunity shields prosecutors from liability for "activities [that are] intimately associated with the judicial phase of the criminal process," including actions taken by the prosecutor in the course of pursuing a prosecution, even if those actions are ultimately incorrect or unconstitutional. See Imbler v. Pactman, 424 U.S. 409, 430 (1976); Broam v. Bogan, 320 F.3d 1023, 1029 (9th Cir. 2003) ("If the action was part

---

[2]The Court also concluded that the Philadelphia District Attorney's Office may not be sued as a separate entity from the City. Brinson does not challenge that ruling.

2

of the judicial process, the prosecutor is entitled to the protection of absolute immunity whether or not he or she violated the civil plaintiff's constitutional rights."). Thus, the question for purposes of determining whether a prosecutor is entitled to absolute immunity is not whether the prosecutor was authorized to violate the plaintiff's rights, but whether the alleged violation occurred while the prosecutor was functioning as the state's advocate.[3] Accordingly, the Court correctly concluded that McMahon is protected by absolute immunity because the alleged constitutional violations in this case occurred while he was prosecuting the Commonwealth's case. See Esteves v. Brock, 106 F.3d 674, 677 (5th Cir. 1997) ("Because [the prosecutor's] use of peremptory strikes in a racially discriminatory manner was part of her presentation of the state's case, she is entitled to absolute immunity from personal liability.").

Brinson next contends that the Court erred in concluding that his claims are time-barred. He asserts that the two-year statute of limitations did not start to run until January 25, 2010, when the Supreme Court declined to review the Third Circuit's opinion reversing Judge Fullam's grant of an absolute writ of habeas corpus.[4] The Court rejected that argument in its February 27, 2012 Memorandum, concluding instead that Brinson's claims accrued in March 2007, when his 1986 conviction was "called into question" by Judge Fullam's issuance of a conditional writ of habeas corpus with the Commonwealth's consent. See Heck v. Humphrey, 512 U.S. 477, 487 (1994). At that point, Brinson had the ability to "file suit and obtain relief." Wallace v. Kato, 549 U.S.

---

[3]As no prosecutor has authority to violate a criminal defendant's constitutional rights, prosecutorial immunity would provide no protection to prosecutors if a plaintiff could pursue a § 1983 action simply by alleging that the prosecutor committed a constitutional violation in the course of prosecuting him.

[4]Judge Fullam presided over Brinson's habeas proceedings.

3

384, 388 (2007) (quotations omitted). He has not pointed to anything to undermine that ruling or the Court's related determination that nothing about the subsequent proceedings concerning his entitlement, vel non, to an absolute writ of habeas corpus affects the date upon which his action accrued.

Finally, Brinson contends that his claims are not time-barred because he is still "falsely imprisoned" in violation of the constitution. In support of that contention, he cites Wallace for the proposition that "[l]imitations begin to run against an action for false imprisonment when the alleged false imprisonment ends." 549 U.S. at 389 (quotations omitted). The Wallace Court made that statement in an effort to distinguish the torts of false arrest and false imprisonment from the tort of malicious prosecution and ruled that once a defendant is held pursuant to legal process, the tort of false imprisonment ends and the tort of malicious prosecution begins. That distinction has no application in this case because Brinson does not raise claims of false arrest or false imprisonment, but instead claims that his constitutional rights were violated in the course of his trial. Furthermore, as Brinson has been retried, he is now in custody pursuant to a new conviction, not the 1986 conviction at issue in his Complaint.

## IV.   CONCLUSION

For the foregoing reasons, Brinson has not established that the Court erred in dismissing his Complaint. Accordingly, the Court will deny Brinson's Motion for Reconsideration. An appropriate Order follows.

4